UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BEAZLEY INSURANCE CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 1:25-cv-326-TFM-MU |
| | ) | |
| TENDER LOVING CARE IN HOME | ) | |
| AND TRANSPORTATION, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Summary Judgment and Incorporated Brief in Support (Doc. 34, filed 10/22/2025). The appearing Defendants do not oppose Plaintiff's motion for summary judgment. *See* Doc. 39. Also pending before the Court is Plaintiff's Motion for Default Judgment (Doc. 41, filed 03/04/2026) against Defendant Tender Loving Care In Home and Transportation, LLC ("TLC") to which no response was filed. For the reasons stated below, both motions are due to be **GRANTED**.

### I.    STANDARDS OF REVIEW

A.    Default Judgment

Rule 55 of the Federal Rules of Civil Procedure provides the mechanism for default judgments. Specifically, Rule 55 establishes a two-part process for obtaining a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk [of court] must enter the party's default." FED. R. CIV. P. 55(a). After default has been entered, if the "claim is for a sum certain or a sum that can be made certain by computation," the clerk must enter default judgment. FED. R. CIV. P. 55(b)(1). "In all other cases, the party must apply to the court for a

default judgment." FED. R. CIV. P. 55(b)(2). Once a party applies for a default judgment, "[t]he court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *Id*. Accordingly, simply because a defendant is in default under Rule 55(a) does not mean the plaintiff is automatically entitled to a default judgment under Rule 55(b). *See generally* 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2685 (4th ed. 2016). Additionally, in this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) (quoting *Worldwide Web Sys.* and holding same). The Eleventh Circuit states default judgments are "a drastic remedy that should be used sparingly and only in extreme situations where no other forms of relief are available." *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 698 (11th Cir. 2015) (quoting M*itchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316-17 (11th Cir. 2002) (internal quotations omitted).

While the entry of default is a necessary condition for obtaining a default judgment, it is not sufficient. "[A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but instead "a defaulted defendant is deemed to 'admit[] the plaintiff's well-pleaded allegations of fact.'" *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Rule 55(b)(1) permits entry of judgment by the clerk without a hearing in cases where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." FED. R.

CIV. P. 55(b)(1).  In all other cases, the Court "may conduct hearings" to "conduct an accounting," "determine the amount of damages," "establish the truth of any allegation by evidence," or "investigate any other matter." FED. R. CIV. P. 55(b)(2)(A)-(D). Though the language indicates a hearing is not a "per se requirement," Eleventh Circuit precedent indicates that evidentiary hearings "are required in all but limited circumstances."  *SEC v. Smythe*, 420 F.3d 1225, 1231-32 n. 13 (11th Cir. 2005); *see also Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746-47 (11th Cir. 2017) (citing Rule and *Smythe*).

B.      Summary Judgment

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "[T]he substantive law will identify which facts are material." *Id.* at 248. At the summary judgment stage, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." *Id.* at 249. The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 999 (11th Cir. 1992) (internal citations and quotations omitted). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) (citing *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993)). For factual issues to be considered genuine, they must have a real basis in the record. *Id.*

The party asking for summary judgment bears the initial burden of showing the material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id*. at 322-23. A party must support its assertion that there is no genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations…admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial. *Clemons v. Dougherty County,* 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980).

"When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (internal quotations omitted)(citing *Celotex*, 477 U.S. at 324). The court must view facts and draw all reasonable inferences in favor of the non-moving party. *Moore v. Reese*, 637 F.3d 1220, 1231 (11th Cir. 2011) (citing *Rosario v. Am. Corrective Counseling Servs., Inc.*, 506 F.3d 1039, 1043 (11th Cir. 2007)). However, to avoid summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citations omitted). Conclusory assertions,

unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likely insufficient to defeat a proper motion for summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

Finally, Fed. R. Civ. P. 56(e) also provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

Summary judgment is appropriate where the evidence before the Court established that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Where a motion for summary judgment is unopposed, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but rather, must consider the merits of the motion." *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). The Court must, at a minimum, review the evidentiary materials submitted in support of the motion for summary judgment to ensure that they do, in fact, support the motion. *Id.*

## II. DISCUSSION AND ANALYSIS

A. Default Judgment against Defendant TLC

Plaintiff moves the Court to enter default judgment in its favor and against Defendant TLC. *See* Doc. 41. The Court did not hold a hearing on the instant motion for default judgment. The Court finds, however, that a hearing was not necessary in this instance because there are no monetary damages at issue and the facts are clear that there is nothing the non-appearing Defendant

is likely to be able to present that would change the fact that judgment is due in Plaintiff's favor as a matter of law.

Therefore, having reviewed the complaint, the motion for default judgment, the memorandum in support of the motion, and the declarations of Kimberly Alberts, Cynthia Sanchez, and Monique Raicovich, filed in support thereof against Defendant TLC, and in consideration of the entire record herein, this Court finds the following:

1.      On April 6, 2022, Plaintiff issued a Miscellaneous Medical policy to TLC, Policy No. V149K522PNPM ("2022 Policy").  The policy period for the 2022 Policy was April 6, 2022 to August 2, 2022.  The policy was cancelled on August 2, 2022 for nonpayment of the premium.

2.      On April 6, 2023, Plaintiff issued a Miscellaneous Medical policy to TLC, Policy No. V16N823PNPM ("2023 Policy").  The policy period for the 2023 Policy was April 6, 2023 to October 29, 2023.  The policy was cancelled on October 29, 2023 for nonpayment of the premium.

3.      Based on the policy periods, there was a gap from August 2, 2022 to April 6, 2023 when TLC had no coverage with Plaintiff.  The incident from which the underlying lawsuits arose occurred during this gap, on October 20, 2022.

4.      Additionally, the Miscellaneous Medical policies issued by Plaintiff to TLC excluded Professional Liability Coverage for any claim arising from the treatment of any person under the age of 18 years old ("Pediatric Exclusion").

5.      Because the underlying lawsuits arose from an incident regarding the treatment of an individual under the age of 18 years old, even if there was coverage during the time of the incident—which this Court finds there was not—the Pediatric Exclusion applies.

6.      On August 21, 2025, Plaintiff served the Original Complaint for Declaratory Judgment on TLC by personally serving a copy of the summons and complaint on TLC's registered

agent, Tasheka Scott.  Doc. 19.  The deadline for TLC to respond to the original complaint was September 11, 2025.

7.      On September 18, 2025, Plaintiff served the First Amended Complaint on TLC by mailing it to TLC's last known address, which was the same address where Plaintiff personally served TLC's registered agent with the original complaint.  Doc. 29.  The deadline for TLC to respond to the first amended complaint was October 6, 2025.

8.      To date, TLC has not filed an answer or other responsive pleading, nor has any attorney appeared in this action on TLC's behalf.

9.      On October 16, 2025, at Plaintiff's request, the Clerk entered default against TLC. *See* Docs. 30, 31.

10.      In the case at hand, since default has been entered, the factual allegations of the complaint are now deemed admitted.  *See Giovanno v. Fabec,* 804 F.3d 1361, 1366 (11th Cir. 2015) ("When a defendant defaults, he admits the plaintiff's well-pleaded allegations of fact." (internal quotations marks and citation omitted)).  The facts in the Complaint support Plaintiff's claim for declaratory judgment.

The Court finds that the motion for default judgment is well-taken and supported by sufficient evidence in addition to the factual allegations that have been deemed admitted. Accordingly, Plaintiff's motion for default judgment against Defendant TLC is due to be granted.

B.      Summary Judgment on Remaining Defendants

Plaintiff moves the Court to enter summary judgment in its favor on its sole claim for declaratory judgment.  *See* Doc. 34.  Specifically, Plaintiff seeks declaratory judgment that it does not owe any duty to defend or indemnify TLC for two consolidated underlying lawsuits because there was no insurance policy in effect at the time of the relevant accident or claim that brought about the underlying lawsuits, because TLC has never provided written notice of the accident,

claim, or underlying lawsuit to Plaintiff, and because a pediatric exclusion applies that would exclude any coverage.  *Id.* at 24.

Defendants Fabian Grayson and Deena Tyler filed a notice of no opposition, stating that they have no good-faith objection to Plaintiff's complaint for declaratory judgment regarding its rights and obligations under the insurance policies at issue.  *See* Doc. 39.  Defendant TLC has not appeared.

On August 11, 2025, Plaintiff filed the instant lawsuit seeking declaratory judgment that it does not owe any duty to defend or indemnify TLC with respect to two consolidated underlying lawsuits filed against TLC in the Circuit Court of Mobile County, Alabama.  The underlying lawsuits arose out of an incident that occurred on October 20, 2022.  TLC never notified Plaintiff of the incident, nor the underlying lawsuits.  Instead, Plaintiff learned of the underlying lawsuits when counsel for the plaintiffs in the underlying suits notified it on May 29, 2024.  On April 24, 2025, after unsuccessful attempts to reach TLC and discuss the matter, Plaintiff sent a letter to TLC denying coverage for the underlying lawsuits.  TLC never replied.  A review of the relevant policies reveals that there was no insurance coverage during the October 20, 2022 incident because it did not take place during a policy period.  There was a lapse in coverage between August 2, 2022 and April 6, 2023.  It cannot be disputed that there was no insurance policy in effect at the time of the relevant accident or claim, and therefore Plaintiff does not have any duty to defend or indemnify TLC in the underlying lawsuit.  Additionally, the policies issued to Plaintiff by Defendant excluded Professional Liability Coverage for any claim arising from the treatment of any person under the age of 18 years old.  The underlying lawsuits arose from an incident that occurred during the treatment of an individual under the age of 18 years old.  Thus, even if there was coverage at the time the incident occurred, the pediatric exclusion would apply.

Accordingly, Plaintiff is entitled to summary judgment on its declaratory judgment claim as to the two appearing Defendants, Fabian Grayson and Deena Tyler.

### III.    CONCLUSION

As set forth above, Plaintiff's motion for default judgment (Doc. 41) is **GRANTED** as to Defendant TLC.  Additionally, Plaintiff's motion for summary judgment (Doc. 34) is **GRANTED** as to the remaining defendants - Fabian Grayson and Deena Tyler.

A final judgment pursuant to Fed. R. Civ. P. 58 will follow separately.

**DONE** and **ORDERED** this 5th day of August 2026.

s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE
